**ORIGINAL**

**FILED**

09/27/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0489

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0489

TYRONE LEE RISHER,

Petitioner,

v.

JAMES SALMONSEN, Warden,

Respondents.

FILED

SEP 2 7 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Tyrone Lee Risher has filed a Petition for Writ of Habeas Corpus, indicating illegal incarceration while being held in the Montana State Prison (MSP). Risher provides that he escaped from the Butte Pre-Release Center. He states that, following a February 21, 2022 arrest warrant, the Powell County Justice Court issued an order, releasing him on his own recognizance. He further states that he was not arrested on the warrant until April 29, 2022, and that he was held in the Butte-Silver Bow County Jail "until August 2nd 2022 under an un-specified, un-dated Montana D.O.C. Warrant to Arrest . . . ." Risher adds that he had a parole violation, pursuant to § 46-23-1023, MCA, and that after 95 days, he was sent to MSP. Risher concludes that he should be released from prison because his case for escape has not finished and his due process rights have been violated.

We requested and reviewed the register of actions for Risher's pending case in Powell County District Court. In June 2022, the State brought the charge of felony escape after charged with a felony, pursuant to § 45-7-306(3)(b), MCA. Risher had his initial appearance on June 14, 2022, and he has counsel to represent him. His criminal case is still pending in the Powell County District Court.

Risher was serving three other sentences when he committed his new offense. *See Risher v. Olson and State of Montana*, No. OP 21-0524, Order granting habeas corpus relief in part to correct the running of his sentences (Mont. Jan. 11, 2022). Risher states

that he violated parole, pursuant to § 46-23-1023, MCA. His rights as a parolee are defined in Montana statutes. Risher had a non-compliance violation with a new criminal offense, and he may be held in custody regardless of what another court stated in a release order. *See* §§ 46-23-1001(3)(a), and 46-23-1023(3), MCA. "[U]pon any charge of violation the parolee may, if circumstances warrant, be incarcerated in the institution." Section 46-23-1023(3), MCA. After his arrest, Risher was not entitled to an initial hearing regarding probable cause for a parole revocation because he "has been charged in any court with a violation of the law[.]" Section 46-23-1024(1)(b), MCA. Risher may be held without bond. Section 46-23-1024(6), MCA. Risher's due process rights have not been violated.

Habeas corpus affords an applicant an opportunity to challenge collaterally the legality of his present incarceration. Section 46-22-101(1), MCA. Risher has not demonstrated illegal incarceration, and his restraint at MSP is valid. Therefore,

IT IS ORDERED that Risher's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Ray Dayton, Third Judicial District Court; Jill Paull, Clerk of District Court, under Cause No. DC-22-58; Patrick J. Moody, Special Deputy Powell County Attorney; Joseph C. Connors, Jr., Defense Counsel; counsel of record, and Tyrone Lee Risher personally.

DATED this ⟨27⟩ day of September, 2022.

_____
Chief Justice

_____

_____

2

_____

_____
Justices